UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  CR NO. 06-400M (JMF)

FRANCIS PEREZ,

     Defendant.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. The police made a series of controlled purchases from the defendant at 1331 Fort Stevens Drive, Apartment T-9, in Washington, DC, and on the basis of those purchases, secured a search warrant from a judge of the Superior Court.

2. When they arrived, the police could hear movement inside the apartment. Hearing no answer to their demand, both in Spanish and English, to enter the apartment, the police broke in. Upon entry, they found the defendant at the sink, obviously attempt to flush the cocaine down the drain. They retrieved what they could of the cocaine left in the sink, which had now become a paste.

3. They then conducted a thorough search of the apartment and found substantial

       additional quantities of cocaine in the apartment. For example, on top of the cupboard in the kitchen they found, on several plates, large lumps of crack cocaine. In another room, they found half a kilogram of neatly cut cocaine, as well as additional smaller packages of cocaine.

4.     In total, the police found more than 2 kilograms of cocaine (i.e., 2200 grams) in the apartment. They also found a digital scale and substances used to "cut" the cocaine before it is sold on the retail market. A large quantity of cash, $3,460, was also found in a nightstand.

5.     The testifying officer, Joseph Abdalla, who has nearly 20 years experience in the enforcement of the narcotics laws, testified that the cocaine was being packaged for resale. Indeed, the defendant told the police that he had obtained the cocaine from someone else and that he intended to sell it.

## REASONS FOR DETENTION

The Bureau of Immigration and Customs has filed a detainer against the defendant, claiming that he is in the country illegally. While that may render the analysis academic, an examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq*.), the Controlled

Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The police's seizure of two kilograms of cocaine, obviously destined for resale, indicates beyond a doubt that the defendant is, as he indicated, in the wholesale business of dealing cocaine.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  As I have noted, the government is charging that the defendant is in the country illegally.  An assessment of his "roots" is problematic since his residence and employment in the District of Columbia are both illegal.

**The weight of the evidence.**  The defendant was caught "wet handed" trying to get some of the cocaine down the drain.  He then admitted that he was going to sell the cocaine to some one else.  The government is probably going to be able to make its case without even having to call the informants who bought drugs from him.

**History relating to drug or alcohol abuse.**  There is no information pertaining to this factor.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.**  The defendant has no prior record.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.

Officer Abdalla estimated that the cocaine found in the apartment was worth $46,000. In the apartment the police also found all the implements needed to package the cocaine for the next buyer and some of the cocaine was already bundled into smaller packages, for the purpose of resale. There is every indication that the defendant is a wholesale dealer of drugs. He is also charged with being in the country illegally. There is nothing here to rebut the presumption of his dangerousness created by the Bail Reform Act. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**September 27, 2006**